UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DARIEN HARRIS,

                Plaintiff,

    v.

RANDALL LIBERTY, et al.,

                Defendants.

Case No. 1:19-cv-00346-LEW

**CORRECTIONS DEFENDANTS' MOTION TO DISMISS**

    Defendants Andrew Ames, Joshua Black, Martha Burnham, Anthony Cantillo, Terry Scott Drake, Mark Engstfeld, Randall Liberty, Jeremiah Manning, Christian Melquist, John Merrifield, and Troy Ross (collectively, Corrections Defendants),[1] by and through counsel, hereby move to dismiss certain claims in the Complaint filed by Plaintiff Darien Harris for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

**ALLEGATIONS IN COMPLAINT**

    Corrections Defendants assume for the purposes of this motion that all the allegations in Harris's Complaint are true. Harris is currently incarcerated at the Maine State Prison (MSP). ECF 1 at 1. MSP officials suspected that Harris possessed illegal drugs and conducted a visual inspection of Harris in his cell the morning of September 5, 2018. ECF 1 at 3. No contraband was discovered, but one MSP official saw Harris place an unknown item in his mouth. ECF 1 at 3. Because MSP officials feared the unknown item was illegal drugs, they placed Harris under

---

[1] The Complaint identifies Corporal Andrew Ames as "Daniel Ames"; Sergeant Martha Burnham as "Lidia Burnham"; Corporal Mark Engstfeld as "Joe Engstfeld." Captain Jeremiah Manning as "Joe Manning"; and Corporal John Merrifield as "Joe Merrifield."

1

emergency observation status so they could monitor him.[2]  ECF 1 at 3.  Harris claims the emergency observation cell was unsanitary and cold and that he was denied basic hygiene items and opportunities to cleanse himself.  ECF 1 at 3-4.  On or about September 11, 2018, and while he was still in administrative segregation, Harris consented to a search of his mouth that was conducted by a dentist in the medical department of MSP.  ECF 1 at 4.  The search by the dentist did not reveal any contraband.  ECF 1 at 4.  Two days later, on or about September 13, 2018, Harris was returned to general population.  ECF 1 at 4-5.

Harris filed a series of grievances related to the eight days he spent in emergency observation/administrative segregation status; all of Harris's grievances were denied.  ECF 1 at 5-6.  On July 25, 2019, Harris filed this case asserting section 1983 claims against the Correction Defendants for alleged deprivations of Harris' Eighth Amendment and Fourteenth Amendment rights.  ECF 1 at 6-7.

## NATURE OF THE CASE

The federal civil rights statute, 42 U.S.C. § 1983, states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C.A. § 1983 (Westlaw through Pub. L. No. 116-66).  Section 1983 "creates a private right of action through which plaintiffs may recover against state actors for constitutional violations." *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013).  Section 1983 does not confer any substantive rights, but simply provides "a method for vindicating federal rights elsewhere

---

[2] MSP officials were also monitoring Harris's bowel movements for the contraband, and therefore there was no toilet or other plumbing in the observation cell by design.  ECF 1 at 3-4.

conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

To maintain a claim under section 1983, a plaintiff must allege: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999). Further, to the extent a plaintiff asserts a section 1983 claim against an individual defendant, the plaintiff's allegations must support a finding that the individual, through his or her individual actions, violated plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). In other words, each of the Correction Defendants is entitled to an individualized assessment as to whether Harris has asserted an actionable claim against that defendant.

## STANDARD OF REVIEW

A party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In its review of the motion, the court must "assume the truth of all well-plead facts and give the plaintiff[ ] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.*, 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must establish that his or her allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *See id.*

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), he or she must still "plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir.

1980).  To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy.  *See Iqbal*, 556 U.S. at 678.  Conclusory allegations parroting the relevant legal standard and "unadorned, the-defendant-unlawfully-harmed-me accusations[s]" are insufficient.  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## ARGUMENT

I. <u>Harris failed to assert any constitutional violation by Defendant Andrew Ames and he should be dismissed from the case.</u>

The only paragraphs of the Complaint with relevant factual allegations that mention Defendant Andrew Ames are paragraphs 23 and 29, wherein Harris asserts that Ames refused to investigate Harris's allegations that Defendant Burnham and an unnamed dentist violated "PREA" and refused to provide records of his "PREA complaint."  ECF 1 at 5, 6.  Presumably, PREA means the Prisoner Rape Elimination Act.  That act, however, "does not grant prisoners any specific rights," *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008), or create a private cause of action, *see Gagnon v. Fitzpatrick*, 1:15-cv-00355-JDL, 2015 WL 8601316, at *2 (D. Me. Nov. 4, 2015).  Thus, Harris cannot state a claim based on alleged violations of "PREA."

Further, Harris has failed to allege how Ames harmed Harris i.e., what conduct by Ames constituted a violation of the United States Constitution or other law of the United States.  Indeed, in the Claims for Relief portion of his Complaint, Harris has failed to assert any constitutional violation by Ames, and Harris does not seek any damages against Ames.  ECF 1 at 6-7.  The factual allegations against Ames do not make out a claim under section 1983 and Ames should be dismissed from the case.  *Iqbal*, 556 U.S. at 676.

4

II.  <u>Harris's allegations against Defendants Mark Engstfeld, John Merrifield, and Troy Ross are conclusory and otherwise insufficient allegations that fail to state a claim upon which relief may be granted and they should be dismissed from the case.</u>

The only paragraphs of the Complaint with relevant factual allegations that mention Defendants John Merrifield and Mark Engstfeld are paragraphs 1, 2, 3, 19, 31, and 35.  In paragraph 1, Harris asserts that Engstfeld and Merrifield were present when he was searched for contraband on September 5, 2018, ECF 1 at 3, but he fails to allege how that search or their presence during the search constituted a violation of the United States Constitution or other law of the United States.  In paragraph 2, Harris asserts that "Merrifield falsely alleged he witnessed me place an unknown item into my mouth," ECF 1 at 3, but fails to allege how this conduct constituted a violation of the United States Constitution or federal law.

In paragraph 3, Harris claims that Engstfeld and Merrifield required him to take a urinalysis test, ECF 1 at 3, but again fails to assert how his rights were violated, either in the manner the test was conducted or whether he was sanctioned in any way as a result of the test.  And, in paragraph 19, Harris claims that Engstfeld and Merrifield escorted him to the medical department, but he does not allege that they were involved in the subsequent search.  *Cf. Sanchez v. Pereira-Castillo*, 590 F.3d 31, 43 (1st Cir. 2009) (concluding a body cavity search of a prisoner suspected of possessing contraband that was conducted according to prison policy by a medical professional in a medical setting was reasonable).  Moreover, Harris's allegations in paragraphs 31 and 35 are conclusory statements that merely parrot relevant legal standards and are not entitled to an assumption of truth.  *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013).  None of the allegations against Engstfeld and Merrifiled make out an actionable claim under section 1983, and they should be dismissed from the case.  *Iqbal*, 556 U.S. at 676.

Similarly, the only paragraphs of the Complaint with relevant factual allegations that mention Defendant Troy Ross are paragraphs 22, 29, 33, and 34.  In paragraph 29, Harris asserts that Ross refused to provide records of his PREA complaint, but he failed to allege how that refusal constituted a violation of the United States Constitution or other law of the United States.  ECF 1 at 6.  In paragraph 22, Harris alleges that Ross did not take action to ensure the "Constant Watch" protocol "was equitably used" and "negligent[ly] permitted for the improper, abusive, and against policy use of the Constant Watch practice."  ECF 1 at 5.  Ross's alleged failure to follow DOC policy, at best, is a state law claim (which is not actionable under § 1983), and Harris has again failed to allege how Ross's action constituted a violation of the United States Constitution or other law of the United States.  Finally, Harris's allegations in paragraphs 33 and 34 are conclusory statements that again merely parrot relevant legal standards and are not entitled to an assumption of truth.  *Manning*, 725 F.3d at 43.  None of the allegations against Ross make out an actionable claim under section 1983, and Ross also should be dismissed from the case.  *Iqbal*, 556 U.S. at 676.

III.   Claims against the Corrections Defendants related to the grievance procedure fail to state a claim upon which relief may be granted.

To the extent Harris attempts to assert a claim based on MSP's officials' compliance with and the adequacy of the grievance process, those claims fail to state a claim upon which relief can be granted.  A prisoner does not have a constitutional right to a particular prison grievance procedure, or even to file a prison grievance.[3]  Because prison grievance procedures are not

---

[3] *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ("[T]he prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."); *Charriez v. Sec'y, Fla. Dep't of Corr.*, 596 F. App'x 890, 895 (11th Cir. 2015) ("Because the prison grievance procedure does not create a protected liberty interest, Charriez does not have a federal constitutional right within that administrative-grievance procedure."); *Brown v. Graham*, 470 F. App'x 11, 13 (2d Cir. 2012) ("Brown's argument that he has a federally-protected liberty interest in the state's compliance with its own prison grievance procedures is meritless.").

mandated or governed by the Constitution or other federal law, Harris has not and cannot assert an actionable federal claim based on any of the Corrections Defendants' administration of the grievance process.[4]  Further, "officers who have merely participated in the review and denial of a prisoner's grievance, but who were not involved in the incident that is the subject of the grievance, ordinarily are not subject to liability under federal civil rights law." *Worthley v. Roberts*, No. 2:15-00207-GZS, 2015 WL 4139647, at *3 (D. Me. July 9, 2015).

The only specific allegations in the complaint against Defendants Andrew Ames, Joshua Black, and Randall Liberty are in paragraphs 23, 25, 26, and 29 and relate to their denial of Harris's grievances.[5]  Because "[a]n officer's mere denial of a grievance does not establish that the officer is liable for the underlying deprivation," *Anctil v. Fitzpatrick*, No. 1:16-00107-JAW, 2016 WL 6205755, at *10 (D. Me. Oct. 24, 2016), Harris has failed to state a claim for which relief can be granted against these Corrections Defendants and they should be dismissed from the case.  Likewise, the claims in the Complaint against Defendant Martha Burnham for her denial of Harris's grievance must also be dismissed.

IV. <u>Claims against the Corrections Defendants for supervisory liability fail to state a claim upon which relief can be granted.</u>

Harris has asserted various claims that appear to sound in supervisory liability, but he has failed to allege sufficient facts to make out the claim against any of the Corrections Defendants. Supervisory liability "may attach if a responsible official supervises, trains, or hires a subordinate with deliberate indifference toward the possibility that deficient performance of the

---

[4]  Harris's complaint plausibly (and implausibly) alleges grievance process-related claims against Defendants Andrew Ames, Joshua Black, Martha Burnham, Anthony Cantillo, Terry Scott Drake, Randall Liberty, Christian Melquist, and Troy Ross in paragraphs 23 through 29 and 34.

[5]  As noted above, Harris's allegations in paragraphs 33 and 34 regarding Defendants Black and Liberty are conclusory statements that merely parrot relevant legal standards and not entitled to an assumption of truth.  *Manning*, 725 F.3d at 43.

7

task eventually may contribute to a civil rights deprivation." *Sanchez*, 590 F.3d at 49 (quotation marks omitted).  "To demonstrate deliberate indifference a plaintiff must show (1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) his [or her] failure to take easily available measures to address the risk." *Camilo–Robles v. Hoyos*, 151 F.3d 1, 7 (1st Cir. 1998), *cert. denied*, 525 U.S. 1105 (1999).

"[D]eliberate indifference alone does not equate with supervisory liability"; the plaintiff "also must show causation." *Id.*  Causation means an "affirmative link" between the supervisor's conduct and a constitutional violation by a person supervised.  *See Gutierrez-Rodriguez v. Cartagena,* 882 F.2d 553, 562 (1st Cir. 1989).  Moreover, the link must be such that "the supervisor's conduct led inexorably to the constitutional violation." *Seekamp v. Michaud,* 109 F.3d 802, 808 (1st Cir. 1997) (quotation marks omitted).

Here, Harris's complaint does little more than state legal conclusions against the defendants alleged to have supervisory responsibilities about their involvement in the alleged underlying constitutional violations.  Harris alleges that:

> Black, Liberty, Ross, and other unidentified supervisory defendants in failing to safeguard the rights of the plaintiff and ensure the equitable application of the policy measure was done with extreme negligence and without forethought as is required by their positions and constituted cruel and unusual punishment in violation of the eighth Amendment to the Constitution.
>
> . . . Liberty, Black, Ross, Cantillo, Burnham, Melquist, Drake, and other supervisory officials in failing to protect the Plaintiff's substantive, administrative, and procedural due process rights in gaining equitable and meaningful relief to his claims was done with negligence and deliberate indifference and without forethought as is required by their positions and constituted a violation of the plaintiff's Due Process Rights in violation of the Fourteenth Amendment to the Constitution.

ECF 1 at 6.  In *Sanchez v. Pereira-Castillo¸* the First Circuit found nearly identical allegations to be "precisely the type of 'the-defendant-unlawfully-harmed-me" allegation[s] that the Supreme

Court has determined should not be given credence when standing alone." 590 F.3d at 49 (quoting *Iqbal*, 556 U.S. at 678). None of the other allegations in the complaint regarding these defendants meet the minimal pleading requirements to state a claim upon which relief can be granted for deliberate indifference. In addition, Harris has neither alleged facts that link the actions of these defendants to any subordinate (or even alleged each defendant's subordinates), nor has he shown how the actions of these defendants "lead in a straight line to" any alleged constitutional violation. *Parker v. Landry*, 935 F.3d 9, 15 (1st Cir. 2019). Harris has failed to state a claim for supervisory liability against Randall Liberty, Joshua Black, Troy Ross, Anthony Cantillo, Martha Burnham, Christian Melquist, and Terry Scott Drake and these claims must be dismissed. Finally, because the only claims brought by Harris for violations of the Fourteenth Amendment are based on supervisory liability or the grievance procedure (addressed above), ECF 1 at 6, all of Harris's claims against Corrections Defendants for violations of the Fourteenth Amendment must be dismissed.

V. <u>Harris has failed to allege any physical injury and his claims for compensatory damages for emotional distress should be dismissed under the PLRA.</u>

The Prison Litigation Reform Act (PLRA) prevents a prisoner from asserting a claim for mental or emotional injury without a showing of physical injury or the commission of a sexual act as defined by 18 U.S.C. § 2246. 42 U.S.C. § 1997e(e) (Westlaw through Pub. L. no. 116-66). Fairly read, Harris has not alleged that he suffered any physical injury from the alleged constitutional violations committed by Corrections Defendants.[6] He has not claimed that the circumstances of his confinement caused him to become ill or to seek medical treatment. Because Harris has not alleged a physical injury or the commission of a sexual act, he cannot recover monetary damages for his alleged mental or emotional injury. *See id.*; *Soto v. Seymour*,

---

[6] He also has not alleged a sexual act within the meaning of 18 U.S.C. § 2246.

No. 2:19-cv-00269-JDL, 2019 WL 4576255, at *2 (D. Me. Sept. 20, 2019). Accordingly, Harris's claims for compensatory damages should be dismissed.

VI. Harris has failed to state a claim for injunctive relief and his request for a permanent injunction should be dismissed.

"An injunction-seeking plaintiff must establish that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Lopez v. Garriga*, 917 F.2d 63, 67 (1st Cir. 1990) (quotation marks omitted); *accord City of Los Angeles v. Lyons*, 461 U.S. 95, 101–03 (1983). Moreover, a plaintiff must also state the basis for equitable relief, including showing that "he is subject to continuing irreparable injury for which there is no adequate remedy at law." *Lopez*, 917 F.2d at 68.

Here, Harris has failed to meet these minimal pleading requirements in order to state a claim for injunctive relief. Although Harris has claimed he was subject to unconstitutional treatment, he has not claimed any continuing adverse impact from that allegedly illegal treatment. Moreover, there is nothing in Harris's complaint to suggest that he will be subjected to the same treatment again. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief[.]" *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974). "Whether [framed] in terms of standing or the existence of an adequate basis for equitable relief," Harris's complaint does not support the issuance of an injunction against the Corrections Defendants because Harris has an adequate remedy at law (and has not claimed otherwise) and there is no "real and immediate threat of re-encountering the behavior" of which he complained. *Levier v. Scarborough Police Dep't*, No. CIV.00-54-P-H, 2000 WL 761003, at *1 (D. Me. May 10, 2000) (quotation marks omitted). Harris has therefore failed to state a claim for injunctive relief and his claims for a permanent injunction should be dismissed.

## CONCLUSION

Based on the foregoing, Corrections Defendants respectfully request that the Court grant their motion and 1) dismiss Andrew Ames, Joshua Black, Mark Engstfeld, Randall Liberty, John Merrifield, and Troy Ross from the case; 2) dismiss all claims relating to the grievance process; 3) dismiss all claims sounding in supervisory liability; 4) dismiss all claims alleging violations of the Fourteenth Amendment; and 5) dismiss Harris's requests for compensatory damages and injunctive relief.

Respectfully submitted,

AARON M. FREY
Attorney General

Dated: November 14, 2019

/s/ Kimberly L. Patwardhan
KIMBERLY L. PATWARDHAN
Assistant Attorney General
Office of the Attorney General

6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800
Fax (207) 287-3145
kimberly.patwardhan@maine.gov

Attorney for Corrections Defendants

## CERTIFICATE OF SERVICE

I, Kimberly L. Patwardhan, hereby certify that on November 14, 2019, I electronically filed the above document with the Clerk of Court using the CM/ECF system, and that a copy of such filing was sent by First Class U.S. Mail to the following:

Darien Harris, 158377
Maine State Prison
807 Cushing Road
Warren, ME  04864

/s/ Kimberly L. Patwardhan
KIMBERLY L. PATWARDHAN
Assistant Attorney General
Office of the Attorney General

6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800
kimerly.patwardhan@maine.gov

Attorney for Corrections Defendants